Mr. Justice James,
after stating the case, delivered the opinion of the court:
The defendant Barnes takes the position that the complainant had authorized her husband to act as her agent. This proposition turns upon the question whether the husband had been held out by her as having that authority.
The principle is simple enough. Her husband could claim to act only as her agent, and he could bind her only in case he had actual authority to make the arrangement with Barnes or in case she gave to him the appearance of having that authority.
A good deal has been said in the books about the test of authority beyond that which was actually given. Sometimes, it is said, that it turns upon the question whether the person was a general agent. That is only one of the tests. The true test is this: Has the principal given the agent the appearance of having the authority ? When a principal employs an agent as a general agent for the transaction of all business, he gives to him the appearance of having the power to do whatever it is proper to do in the business in hand. So if a principal employs an attorney at law in a special matter, although the attorney is not his general agent, he is held out as having that authority which an attorney is understood to possess in that particular matter. Again, if the principal employs a commercial factor, he holds him out as having such authority as a factor has by his calling. Or, if he employs what is called a livery-stable agent to sell a horse, he holds him out as having power to warrant the condition of the animal. But if he should employ a casual person; it is otherwise. That is simply because the character of the person holds out that he has the powers of that character. The question, then, is whether there is anything in the circumstances, or in the character of the agent which holds out the agent as having a certain amount of authority ? If there is, the principal must stand by what the agent does.
It is said that the principal is liable for the frauds and *11 misrepresentations of the agent. That is where he actually employs the agent to do a certain thing. Then, if the agent commits a fraud in that which he is authorized to do, the principal is bound by it. But if the fraud consists in the agent’s pretending to have the authority for that which he does, the principal is not affected.
Now, the only evidence given us of Mrs. Brooke having employed her husband as her agent with this amount of authority was, that she had authorized him to act in some of her matters before, chiefly, it would seem, to collect any moneys due her, and in one instance, perhaps in two, to apply it in payment of his debts. But she had not so employed him as to hold him out as having the position of her general agent to do for her whatsoever need be done in her matters. It was not to be inferred from one, two, or three transactions of a difl'erent character altogether, that she gave him power to do whatever was seen fit to be done in this matter. In fact, one of the arguments on these previous transactions seems really to present this case to us ; that because he had used up a good deal of her estate heretofore, therefore, she authorized him to keep on doing so. We are by no means inclined to make such a broad inference. She did not hold him out as having this authority. It was a special case of agency, the bounds of which are not to be judged of by Barnes by what had been done before; or, if he were to so judge of them, he was bound to see that they indicated no authority to make this particular bargain. It was Mr. Barnes’ duty to inquire into the extent of Brooke’s authority ; and if he had gone to the principal — certainly he had no right to take the agent’s assertion — he would have learned what the contract was.
The decree of the court, therefore, is that he surrender this order and return the money. This reverses the decree below, and the court under its power to modify the decree disposes of the case here.